COWAN, LIEBOWITZ & LATMAN, P.C.
114 West 47th Street
New York, New York 10036
(212) 790-9200
Richard S. Mandel
Joel K. Schmidt

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza
New York, New York 10119
(212) 594-5000
Albert Togut
Frank A. Oswald
Neil Berger

*Attorneys for Stephen S. Gray, Not
Individually But Solely In His Capacity
as Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| 96 WYTHE ACQUISITION, LLC | : | Case No. 21-22108 (SHL) |
| Debtor. | : | |

-----------------------------------------------------------------x

| | | |
|---|---|---|
| STEPHEN S. GRAY, Not Individually But Solely In His Capacity as Chapter 11 Trustee of the Estate of 96 Wythe Acquisition, LLC, | : | Adv. Pro. No. 22-_____ (SHL) |
| Plaintiff, | : | |
| v. | : | |
| THE WILLIAMSBURG HOTEL BK, LLC, TOBY MOSKOVITS, MICHAEL LICHTENSTEIN and HERITAGE EQUITY PARTNERS, | : | |
| Defendants. | : | |

-----------------------------------------------------------------x

## COMPLAINT

Stephen S. Gray, not individually but solely in his capacity as the Chapter 11 Trustee ("Plaintiff" or "Trustee") of the estate of the above-referenced debtor 96 Wythe Acquisition, LLC (the "Debtor"), by his attorneys, Cowan, Liebowitz & Latman, P.C.

and Togut, Segal & Segal LLP, hereby files this complaint (the "Complaint") against The Williamsburg Hotel BK, LLC (the "Manager"), Toby Moskovits ("Moskovits"), Michael Lichtenstein ("Lichtenstein") and Heritage Equity Partners ("Heritage" and together with the Manager, Moskovits and Lichtenstein, "Defendants") for a judgment: (i) declaring that the Debtor owns "The Williamsburg Hotel" name and service mark, the "Sleep With A Local" service mark and all other intellectual property (whether registered or unregistered, or arising at common law, by statute or otherwise) utilized in the operation of The Williamsburg Hotel (the "Hotel"), including, without limitation, electronic and other digital assets and information related to the Hotel's operation, online presence and related marketing, such as the Hotel's website domain name and social media platforms (collectively, the "IP Assets"); and (ii) ordering Moskovits to voluntarily surrender for cancellation U.S. Reg. No. 6285046 for "The Williamsburg Hotel" service mark and U.S. Reg. No. 5890332 for the "Sleep With A Local" service mark, and alleges the following facts and claims upon information and belief based[1] upon the documents and information presently available to the Trustee:

## SUMMARY OF THE ACTION

1.  The Debtor owns the Hotel, which is located at 96 Wythe Ave., Brooklyn, New York 11249 and known as "The Williamsburg Hotel." This is an adversary proceeding arising out of the attempt by Defendants to claim ownership of the IP Assets, which are inseparably associated with the Hotel and constitute property of the Debtor's estate to be sold in connection with the Hotel.

---

[1] As of the date hereof, the Defendants have failed to comply with Subpoenas issued to them by the Trustee pursuant to this Court's *Order Authorizing Discovery Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure* [Dkt. No. 647]. *See*, *Notice of Hearing and Chapter 11 Trustee's Motion for an Order Compelling Michael Lichtenstein, Toby Moskovits and Williamsburg Hotel BK LLC to Comply with the Court's Rule 2004 Order and Subpoenas* [Dkt. No. 751].

2

2. The Trustee seeks entry of a judgment: (i) declaring that Debtor owns the IP Assets; and (ii) ordering Moskovits to voluntarily surrender for cancellation U.S. Reg. No. 6285046 for "The Williamsburg Hotel" service mark and U.S. Reg. No. 5890332 for the "Sleep With A Local" service mark.

## THE PARTIES

3. Plaintiff is the Chapter 11 trustee of the Debtor.

4. The Debtor is a limited liability company which owns the Hotel.

5. The Manager is a New York limited liability company with a place of business at 1274 49th Street, Suite 184, Brooklyn, New York 11219. Prior to the appointment of the Trustee in the above-captioned Chapter 11 case, the Manager managed the Hotel.

6. The Manager was formed as a corporate entity solely for purposes of managing the Hotel.

7. The Manager collected all the Debtor's revenues earned from the Hotel's operations and the Manager conducted no other business or served no other business purpose.

8. The Manager offered no separate services that would render "The Williamsburg Hotel" or "Sleep With A Local" service marks of any value outside the context of the Hotel.

9. Moskovits is an individual residing in New York, and she is an indirect owner of both the Debtor and the Manager.

10. Lichtenstein is an individual residing In New York, and he is an indirect owner of both the Debtor and the Manager.

3

11. Heritage is a New York partnership owned by Moskovits and Lichtenstein, and it owns the domain name www.thewilliamsburghotel.com (the "Domain Name").

## JURISDICTION AND VENUE

12. The Bankruptcy Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and the District Court's reference of proceedings to the Bankruptcy Court.

13. This adversary proceeding is commenced pursuant to Rules 6009 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and 28 U.S.C. § 2201(a).

14. This adversary proceeding is a core proceeding under 28 U.S.C. §§ 157(2)(A), (E) and (O), and this Court has jurisdiction to hear and to determine this proceeding and to enter a final order and judgment. In the event that this Court or any other Court finds any part of this adversary proceeding to be "non-core," this Court has non-core concurrent jurisdiction over this proceeding under 28 U.S.C. § 1334 because the relief sought herein relates to the Debtor's bankruptcy case and will have a material impact on the administration of the Debtor's estate (the "Estate").

15. Plaintiff consents to entry of final orders and judgments by this Court in this adversary proceeding pursuant to Bankruptcy Rule 7008. Plaintiff also consents to entry of final orders or judgment by this Court if it is determined that this Court, absent consent of the parties, cannot enter final orders on judgements consistent with Article III of the United States Constitution.

4

16. Venue is proper pursuant to 28 U.S.C. § 1409 because this adversary proceeding arises in and is related to the Debtor's above-captioned bankruptcy case pending in this Court.

## BACKGROUND

**A.     The Bankruptcy Case**

17. On February 23, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code In the United States District Court for the Southern District of New York (the "Court").

18. No official committee of unsecured creditors has been appointed in this Chapter 11 case (the "Chapter 11 Case").

19. On May 5, 2021, the Debtor filed its schedules of assets and liabilities [Dkt. No. 31], and it filed amended schedules on December 2, 2021 and May 25, 2022 [Dkt. Nos. 205 & 411] (collectively, the "Schedules"). The Schedules did not disclose any management agreements between the Manager and the Debtor, nor did they disclose any purported trademark license agreements to the Hotel from the Manager, Moskovits or anyone else.

20. On October 15, 2021, Benefit Street Partners Realty Operating Partnership, L.P. ("Benefit Street") filed its *Motion to Appoint an Examiner Pursuant to 11 U.S.C. § 1104(c)* [Dkt. No. 147], which was granted by the Court on November 8, 2021 by entry of the *Order Directing Appointment of an Examiner Pursuant to 11 U.S.C. § 1104(c)* [Dkt. No. 178], which order was subsequently amended on November 23, 2021 by entry of the *Amended Order Directing Appointment of an Examiner Pursuant to 11 U.S.C. § 1104(c)* [Dkt. No. 193] and on December 14, 2021 by entry of the *Second Amended Order Directing Appointment of an Examiner Pursuant to 11 U.S.C. § 1104(c)* [Dkt. No. 224].

5

21. On November 16, 2021, the Court entered the *Order Approving Appointment of Examiner* [Dkt. No. 186], and Eric M. Huebscher was appointed as the examiner (the "Examiner") in this Chapter 11 Case.

22. On February 28, 2022, the Examiner issued his report (the "Examiner Report") [Dkt. No. 418] wherein the Examiner found that there were sufficient grounds to appoint a trustee. On March 21, 2022, the Examiner issued a supplemental report [Dkt. No. 465].

23. On March 28, 2022, Benefit Street filed its *Renewed Motion for the Appointment of a Chapter 11 Trustee Based on Continuing Malfeasance* [Dkt. No. 476] and on March 31, 2022 the United States Trustee filed its *Motion for an Order Directing the Appointment of a Chapter 11 Trustee* [Dkt. No. 491], raising concerns of potential impropriety on behalf of the Debtor's management and requesting the appointment of a Chapter 11 trustee (together, the "Trustee Appointment Motions").

24. Following evidentiary hearings conducted on May 17 and 25, 2022 and post-hearing oral argument on May 26, 2022 (the "May 26 Hearing Transcript") [Dkt. No. 598], on May 27, 2022 the Court entered its *Order Granting Motions to Appoint a Chapter 11 Trustee* [Dkt. No. 591].

25. On May 31, 2022, the United States Trustee filed his *Notice of Appointment of Chapter 11 Trustee* [Dkt. No. 592] and filed an application for the appointment of a Chapter 11 trustee [Dkt. No. 593], subject to Court approval.

26. The Court entered its *Order Granting the Application for Appointment of Chapter 11 Trustee* [Dkt. No. 594] approving the appointment of the Trustee on May 31, 2022.

6

**B.     The Benefit Street Loan and Defaults**

27.     On December 13, 2017, Benefit Street made a loan to the Debtor in the principal amount of $68 million to finance the construction and operation of the Hotel (the "Loan"), governed and evidenced by, among other things, a certain Loan Agreement by and between Benefit Street and the Debtor dated December 13, 2017 (the "Loan Agreement").

28.     The Loan Agreement provided Benefit Street with liens against all the Debtor's assets including, without limitation, all of the Debtor's intellectual property.

29.     On December 10, 2018, Benefit Street sent the Debtor a notice of default, notifying the Debtor that it had defaulted under the Loan. Benefit Street thereafter sent the Debtor additional default notices in January, March, and June of 2019 for failure to make payments under the Loan, including the failure to repay the full balance of the Loan upon its maturity.

30.     On June 11, 2019, Benefit Street commenced a foreclosure action in the Supreme Court of the State of New York, New York County, Index No. 653396/2019 (the "Foreclosure Action"). The Debtor alleged counterclaims and asserted various affirmative defenses.

31.     Benefit Street moved for summary judgment on its foreclosure claim and the Debtor's counterclaims and affirmative defenses, and on April 9, 2020, the Supreme Court entered an order denying Benefit Street's motion for summary judgment on its foreclosure claim, while dismissing certain of the Debtor's counterclaims and affirmative defenses.

32.     Benefit Street appealed the Supreme Court's summary judgment order. On February 16, 2021, the First Department issued a ruling partially reversing

7

the Supreme Court's order and granting summary judgment in full in favor of Benefit Street.

## FACTUAL ALLEGATIONS

**A.     The Hotel and the IP Assets Used in its Operation**

33. The Hotel opened in or around January 2017. From the outset, it has operated under the name and service mark "The Williamsburg Hotel."

34. "The Williamsburg Hotel" name and service mark has continuously been associated with, and it is intimately connected to, the physical hotel property at which the hotel services are offered in Brooklyn, New York.

35. Indeed, the name of the Hotel is physically embedded onto the building at 96 Wythe Avenue in which the Hotel operates. Upon Information and belief, the Debtor's principals instructed the Hotel's architect to design the Hotel with "The Williamsburg Hotel" prominently embedded into the hotel's façade.

36. As a result of the continuous use of "The Williamsburg Hotel" name and service mark in connection with the hotel services offered at the Hotel, the Debtor has developed and continues to develop goodwill in the Hotel's name and service mark, which identifies the particular premises located at 96 Wythe Avenue, Brooklyn, New York to members of the consuming public and distinguishes the Hotel from other hotels.

37. The goodwill symbolized by "The Williamsburg Hotel" name and service mark constitutes a valuable asset that is attached to, and is inseparably associated with, the Hotel. As such, the "The Williamsburg Hotel" service mark represents intangible property that is part of and inseparable from the other assets of the Estate and that should pass as an incident with the transfer of the Hotel.

8

38.     Since in or around January 2017, the Hotel has also been advertised and promoted under the slogan "Sleep With A Local." As a result of the continuous use of the "Sleep With A Local" service mark, the Debtor has also developed significant goodwill in this service mark, which symbolizes and serves to identify the Debtor's Hotel and the services offered at the Hotel. The "Sleep With A Local" service mark thus also constitutes intangible property that is part of and inseparable from the other assets of the Estate and should pass along with ownership of the Hotel.

39.     In addition to "The Williamsburg Hotel" and "Sleep With A Local" service marks, other intellectual property utilized in the operation of the Hotel, including, without limitation, electronic and other digital assets and information related to the Hotel's operations, online presence and related marketing, such as the Hotel's Domain Name and social media platforms, constitute property that is inextricably connected with the Hotel and its services. As such, these assets also constitute property of the Estate.

**B.    Defendants' Inconsistent Positions Regarding the IP Assets**

40.     Defendants have taken the position in the Chapter 11 Case that the IP Assets, including, without limitation, "The Williamsburg Hotel" and "Sleep With A Local" service marks, are owned by Moskovits and/or the Manager.

41.     In August 2019, less than two months after Benefit Street commenced its Foreclosure Action against the Debtor, Moskovits filed a federal trademark application in her individual name seeking to register "The Williamsburg Hotel" service mark, which resulted in the issuance of a federal registration in her name on the Supplemental Register of the United States Patent and Trademark Office ("USPTO") for "The Williamsburg Hotel" service mark (Reg. No. 6285046) on March 2, 2021.

42. Several months prior to the trademark filing for "The Williamsburg Hotel" service mark in April 2019, Moskovits also filed a federal service mark application in her individual name seeking to register the "Sleep With A Local" service mark.

43. As of the time of that filing, Benefit Street had already issued several letters to Debtor notifying Debtor that it was in default on the Loan, which was secured by the Hotel and the Debtor's intellectual property associated with the Hotel.

44. A registration for the "Sleep With A Local" service mark (Reg. No. 5890332), which is listed on the Principal Register of the USPTO, was issued to Moskovits on October 22, 2019.

45. Moskovits is not, and never was, the rightful owner of "The Williamsburg Hotel" or "Sleep With A Local" service marks.

46. Moskovits never individually offered the hotel services associated with "The Williamsburg Hotel" or "Sleep With A Local" service marks, nor did she individually control the quality of the services offered under such marks.

47. At all relevant times prior to the appointment of the Trustee, the hotel services offered and rendered under "The Williamsburg Hotel" and "Sleep With A Local" service marks were provided by the Debtor, a corporate entity in which both Moskovits and Lichtenstein are indirect owners, and which is not owned by Moskovits individually.

48. At all relevant times prior to and after the appointment of the Trustee, the Debtor controlled the quality of the hotel services offered and rendered under "The Williamsburg Hotel" and "Sleep With A Local" service marks.

49. There is no evidence of Moskovits ever having licensed either "The Williamsburg Hotel" or "Sleep With A Local" service mark to the Debtor, the Manager or any other person or entity.

50. The Schedules filed in the Chapter 11 Case by the Debtor do not list any trademark or service mark licenses to the Debtor from either Moskovits or the Manager.

51. The trademark filings for "The Williamsburg Hotel" and "Sleep With A Local" service marks were made in the individual name of Moskovits rather than in the name of Debtor, the true owner of those service marks, with the fraudulent Intent of concealing their true ownership and thereby improperly avoiding Benefit Street's liens in the Debtor's intellectual property so that the intellectual property could instead be used for Defendants' own personal benefit.

52. Defendants have also attempted in the Chapter 11 Case to rely on a purported Hotel Management Service Agreement dated November 21, 2017 (the "Purported November Agreement") between the Debtor and the Manager.

53. The Purported November Agreement claims to provide that "The Williamsburg Hotel" name and service mark is owned by the Manager. That claim is itself inconsistent with the fact that Moskovits filed and obtained a service mark registration on the Supplemental Register, USPTO Reg. No. 6285046, in her own name for "The Williamsburg Hotel" service mark.

54. In its ruling granting the Trustee Appointment Motions, this Court held that the Purported November Agreement is not a valid agreement, and that it was created after the fact in an effort to strengthen the legal position of the Debtor's insiders, Moskovits and Lichtenstein. The Purported November Agreement was not listed on the Debtor's Schedules, even though there would be no more important

11

executory contract for Debtor to list if it existed than an agreement with the Manager of the Hotel.

55. The Manager did not at any time own "The Williamsburg Hotel" or "Sleep With A Local" service marks, which were inseparably associated with the Hotel and the hotel services provided there.

## COUNT I
### Declaratory Judgment that the IP Assets are Owned by the Debtor

56. The Trustee incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

57. At all relevant times, the IP Assets have been owned by the Debtor and not any of the Defendants. The IP Assets constitute property of the Estate.

58. The Trustee requests that the Court enter a judgment pursuant to 28 U.S.C. § 2201(a) declaring that the IP Assets, including, without limitation, "The Williamsburg Hotel" name and service mark, the "Sleep With A Local" service mark, the Domain Name and all social media platforms and other digital assets related to the Hotel's operation, online presence and related marketing, are owned by the Debtor, not any of the Defendants, and constitute property of the Estate.

## COUNT II
### Ordering Moskovits to Surrender U.S. Reg. Nos. 6285046 and 5890332

59. The Trustee incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

60. The registrations for "The Williamsburg Hotel" (Reg. No. 6285046) and "Sleep With A Local" (Reg. No. 5890332) service marks were not filed in the name of the proper owner of those marks, the Debtor. Accordingly, such registrations were void *ab initio*.

12

61. The Trustee requests that the Court enter a judgment ordering Moskovits to voluntarily surrender for cancellation U.S. Reg. No. 6285046 for "The Williamsburg Hotel" service mark and U.S. Reg. No. 5890332 for the "Sleep With A Local" service mark.

## RESERVATION OF RIGHTS

62. Plaintiff repeats and re-alleges the allegations contained in the previous paragraphs of the Complaint as though fully set forth herein.

63. The Trustee does not waive and specifically reserves all of his rights, claims, and defenses as they pertain to the Defendants and any other party in interest in this case, and to defend against any claims or liens that Defendants may assert against the Debtor's estate. The Trustee expressly reserves the right to amend and supplement this Complaint or to commence a new action against Defendants with other claims as his investigation continues.

## PRAYER FOR RELIEF

**WHEREFORE**, the Trustee respectfully requests that the Court enter judgment in favor of the Trustee and against each of the Defendants:

(i) declaring that Debtor owns the IP Assets, including, without limitation, "The Williamsburg Hotel" name and service mark, the "Sleep With A Local" service mark and the Hotel's website domain name and social media platforms, and that the IP Assets constitute property of the Debtor's Estate and not the property of the Defendants;

(ii) ordering Moskovits to voluntarily surrender for cancellation U.S. Reg. No. 6285046 for "The Williamsburg Hotel" service mark and U.S. Reg. No. 5890332 for the "Sleep With A Local" service mark; and

13

        (iii) granting such other relief as the Court deems just and proper.

DATED: New York, New York
November 29, 2022

STEPHEN S. GRAY, not individually but solely in his capacity as Chapter 11 Trustee, By his Attorneys,

COWAN, LIEBOWITZ & LATMAN, P.C.

By:

*/s/Richard S. Mandel*
RICHARD S. MANDEL
JOEL KARNI SCHMIDT
114 West 47th Street
New York, New York 10036
(212) 790-9200

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza
New York, New York 10119
(212) 594-5000
ALBERT TOGUT
FRANK A. OSWALD
NEIL BERGER