FERN FLOMENHAFT PLLC
26 Broadway, 26th floor
New York, New York 10004
(212) 796-7601
Fern Flomenhaft

*Attorneys for Toby Moskovits
and Michael Lichtenstein*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| 96 WYTHE ACQUISITION, LLC | : | Case No. 21-22108 (SHL) |
| Debtor. | : | |

-----------------------------------------------------------------x

| | | |
|---|---|---|
| STEPHEN S. GRAY, Not Individually But Solely In His Capacity as Chapter 11 Trustee of the Estate of 96 Wythe Acquisition, LLC, | : | Adv. Pro. No. 22-07048 (SHL) |
| Plaintiff, | : | |
| v. | : | |
| THE WILLIAMSBURG HOTEL BK, LLC, TOBY MOSKOVITS, MICHAEL LICHTENSTEIN and HERITAGE EQUITY PARTNERS, | : | |
| Defendants. | : | |

-----------------------------------------------------------------x

## **ANSWER**

C O U N S E L O R S :

      PLEASE TAKE NOTICE that Defendants, THE WILLIAMSBURG HOTEL BK, LLC, TOBY MOSKOVITS, MICHAEL LICHTENSTEIN and HERITAGE EQUITY PARTNERS ("Defendants"), hereby appear in this action and have retained the law firm of FERN FLOMENHAFT PLLC as attorneys and demand that all papers in this action be served upon them at the office at the address stated below.

Page **1** of **17**

PLEASE TAKE FURTHER NOTICE that, the above-named Defendants hereby interpose the following Answer to the Plaintiff's Complaint herein, and upon information and belief:

1. In response to Paragraph "1" of the Plaintiff's Complaint, Defendants admit that the Debtor owns the Hotel, which is located at 96 Wythe Ave., Brooklyn, New York 1129 and that the Hotel is known as "The Williamsburg Hotel." The allegations in the second sentence of Paragraph "1" of the Plaintiff's Complaint state conclusions of law as to which no response is required. To the extent that a response is required Defendants admit that this is an adversary proceeding, and deny each and every remaining allegation contained in Paragraph "1" of the Plaintiff's Complaint.

2. In response to Paragraph "2" of the Plaintiff's Complaint, Defendants state that the allegations in this paragraph constitute Plaintiff's prayer for relief to which no response is required. To the extent that a response is required, Defendants deny that Plaintiff is entitled to the requested relief or to any relief.

## THE PARTIES

3. In response to Paragraph "3" of the Plaintiff's Complaint, Defendants admit that Plaintiff is the Chapter 11 trustee of the Debtor.

4. In response to Paragraph "4" of the Plaintiff's Complaint, Defendants admit that the Debtor is a limited liability company which owns the Hotel.

5. In response to Paragraph "5" of the Plaintiff's Complaint, Defendants admit that the Manager is a New York limited liability company with a place of business at 1274 49th Street, Suite 184, Brooklyn, New York 11219. Defendants admit that prior to the appointment of the Trustee in the above-captioned Chapter 11 case, the Manager managed the Hotel.

6. In response to Paragraph "6" of the Plaintiff's Complaint, Defendants deny that the Manager was formed as a corporate entity solely for the purposes of managing the Hotel. Defendants

deny each and every remaining allegation contained in Paragraph "6" of the Plaintiff's Complaint.

7. In response to Paragraph "7" of the Plaintiff's Complaint Defendants admit that the Manager collected all the revenues earned from the Hotel's operations. Defendants deny each and every remaining allegation contained in Paragraph "7" of the Plaintiff's Complaint.

8. In response to Paragraph "8" of the Plaintiff's Complaint, Defendants object to the allegations in this paragraph as being unintelligible. To the extent understood, Defendants assert that the allegations in this paragraph embody conclusions of law as to which no response is required. To the extent that a response is required, Defendants deny each and every allegation contained in Paragraph "8" of the Plaintiff's Complaint.

9. In response to Paragraph "9" of the Plaintiff's Complaint, Defendants admit that Moskovits is an individual residing in New York, and that she is an indirect owner of both the Debtor and the Manager.

10. In response to Paragraph "10" of the Plaintiff's Complaint, Defendants admit that Lichtenstein is an individual residing in New York, and that he is an indirect owner of both the Debtor and the Manager.

11. In response to Paragraph "11" of the Plaintiff's Complaint, Defendants admit that Heritage is a New York partnership owned by Moskovits and Lichtenstein, and that it owns the domain name www.thewilliamsburghotel.com.

**JURISDICTION AND VENUE**

12. In response to Paragraph "12" of the Plaintiff's Complaint, Defendants state that the allegations in this paragraph state a conclusion of law as to which no response is required. To the extent a response is required, Defendants admit that the Court has limited jurisdiction to hear this adversary proceeding pursuant to 28 U.S.C. § 1334 and reserve and refer all questions of law,

fact and/or conclusions raised therein to the appropriate Court or Courts.

13. In response to Paragraph "13" of the Plaintiff's Complaint, Defendants state that the allegations in this paragraph state a conclusion of law as to which no response is required.

14. In response to Paragraph "14" of the Plaintiff's Complaint, Defendants state that the allegations in this paragraph state conclusions of law as to which no response is required. To the extent a response is required, Defendants admit that this Court has non-core jurisdiction over this proceeding, and does not have core jurisdiction over this proceeding, and Defendants reserve and refer all questions of law, fact and/or conclusions raised therein to the appropriate Court or Courts, deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations and deny that Plaintiff is entitled to the relief sought herein.

15. In response to Paragraph "15" of the Plaintiff's Complaint, Defendants do not consent to entry of final orders and judgments by this Court in this adversary proceeding pursuant to Bankruptcy Rule 7008 and reserve all questions of law, fact and/or conclusions raised therein to the appropriate Court or Courts.

16. In response to Paragraph "16" of the Plaintiff's Complaint, Defendants admit that Venue is proper to the limited extent of the Court's limited jurisdiction of this non-core proceeding.

## BACKGROUND

**A.    The Bankruptcy Case**

17. In response to Paragraph "17" of Plaintiff's Complaint, Defendants admit that on February 23, 2021, the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code in this Court.

18. In response to Paragraph "18" of Plaintiff's Complaint, Defendants admit no official committee of unsecured creditors has been appointed in this Chapter 11 case.

19. In response to Paragraph "19" of Plaintiff's Complaint, Defendants admit that the Debtor filed schedules of assets and liabilities [Dkt. No. 31] and amended schedules [Dkt. Nos. 205 & 411] and reserve all refer all questions of law, fact and conclusions raised therein to the appropriate Court or Courts. Defendants deny each and every remaining allegation contained in Paragraph "19" of the Plaintiff's Complaint.

20. In response to Paragraph "20" of the Plaintiff's Complaint, Defendants state that the allegations in this paragraph recite filings in the Case as to which no response is required. To the extent a response is required Defendants reserve and refer all questions of law, fact and conclusions raised therein to the appropriate Court or Courts. Defendants deny each and every remaining allegation contained in Paragraph "20" of the Plaintiff's Complaint.

21. In response to Paragraph "21" of the Plaintiff's Complaint, Defendants state that the allegations in this paragraph recite filings in the Case as to which no response is required. To the extent a response is required Defendants reserve and refer all questions of law, fact and conclusions raised therein to the appropriate Court or Courts. Defendants deny each and every remaining allegation contained in Paragraph "21" of the Plaintiff's Complaint.

22. In response to Paragraph "22" of the Plaintiff's Complaint, Defendants state that the allegations in this paragraph recite filings in the Case as to which no response is required. To the extent a response is required Defendants reserve and refer all questions of law, fact and conclusions raised therein to the appropriate Court or Courts. Defendants deny each and every remaining allegation contained in Paragraph "22" of the Plaintiff's Complaint.

23. In response to Paragraph "23" of the Plaintiff's Complaint, Defendants state that the allegations in this paragraph recite filings in the Case as to which no response is required. To the extent a response is required Defendants reserve and refer all questions of law, fact and

conclusions raised therein to the appropriate Court or Courts. Defendants deny each and every remaining allegation contained in Paragraph "23" of the Plaintiff's Complaint.

24. In response to Paragraph "24" of the Plaintiff's Complaint, Defendants state that the allegations in this paragraph recite filings in the Case as to which no response is required. To the extent a response is required Defendants reserve and refer all questions of law, fact and conclusions raised therein to the appropriate Court or Courts. Defendants deny each and every remaining allegation contained in Paragraph "24" of the Plaintiff's Complaint.

25. In response to Paragraph "25" of the Plaintiff's Complaint, Defendants state that the allegations in this paragraph recite filings in the Case as to which no response is required. To the extent a response is required Defendants reserve and refer all questions of law, fact and conclusions raised therein to the appropriate Court or Courts. Defendants deny each and every remaining allegation contained in Paragraph "25" of the Plaintiff's Complaint.

26. In response to Paragraph "26" of the Plaintiff's Complaint, Defendants state that the allegations in this paragraph recite filings in the Case as to which no response is required. To the extent a response is required Defendants reserve and refer all questions of law, fact and conclusions raised therein to the appropriate Court or Courts. Defendants deny each and every remaining allegation contained in Paragraph "26" of the Plaintiff's Complaint.

**B.    The Benefit Street Loan and Defaults**

27. In response to Paragraph "27" of the Plaintiff's Complaint, Defendants admit that on December 13, 2017, Benefit Street made a loan to the Debtor in the amount of $68 Million to finance the construction and operation of the Hotel and that they entered into a Loan Agreement with the Debtor.

28. In response to Paragraph "28" of the Plaintiff's Complaint, Defendants admit that

Benefit Street entered into a Loan Agreement with the Debtor, deny each and every remaining allegation contained in Paragraph "28" and reserve all questions of law, fact, contract interpretation and conclusions raised therein to the appropriate Court or Courts.

29. In response to Paragraph "29" of the Plaintiff's Complaint, Defendants admit that Benefit Street sent the Debtor default notices, deny each and every remaining allegation contained in Paragraph "29" and reserve all questions of law, fact, contract interpretation and conclusions raised therein to the appropriate Court or Courts.

30. In response to Paragraph "30" of the Plaintiff's Complaint, Defendants state that the allegations in this paragraph recite filings in the Case as to which no response is required. To the extent a response is required, Defendants admit that Benefit Street commenced a foreclosure action, deny each and every remaining allegation contained in Paragraph "30" and reserve all questions of law, fact, contract interpretation and conclusions raised therein to the appropriate Court or Courts.

31. In response to Paragraph "31" of the Plaintiff's Complaint, Defendants state that the allegations in this paragraph recite filings in the Case as to which no response is required. To the extent a response is required, Defendants admit that Benefit Street commenced a foreclosure action, deny each and every remaining allegation contained in Paragraph "31" and reserve all questions of law, fact, contract interpretation and conclusions raised therein to the appropriate Court or Courts.

32. In response to Paragraph "32" of the Plaintiff's Complaint, Defendants state that the allegations in this paragraph recite filings in the Case as to which no response is required. To the extent a response is required, Defendants admit that Benefit Street commenced a foreclosure action, deny each and every remaining allegation contained in Paragraph "32" and reserve all

questions of law, fact, contract interpretation and conclusions raised therein to the appropriate Court or Courts.

## FACTUAL ALLEGATIONS

### A. The Hotel and the IP Assets Used in its Operation

33. In response to Paragraph "33" of the Plaintiff's Complaint, Defendants admit that the Hotel opened in or around January 2017 and operated under the name and Trademark/Service Mark "The Williamsburg Hotel" from the outset.

34. In response to Paragraph "34" of the Plaintiff's Complaint, Defendants admit that the Hotel has continuously been called "The Williamsburg Hotel," and as to the remaining allegations in Paragraph "34," Defendants deny Plaintiff's each and every allegation and characterization contained therein and reserve all questions of law, fact, contract interpretation and conclusions raised therein to the appropriate Court or Courts.

35. In response to Paragraph "35" of the Plaintiff's Complaint, Defendants deny that the Debtor's principals instructed the Hotel's architect to design the Hotel with "The Williamsburg Hotel" name embedded into the hotel's façade. As to the remaining allegations in Paragraph "35," Defendants deny each and every allegation and characterization contained therein and reserve all questions of law, fact, contract interpretation and conclusions raised therein to the appropriate Court or Courts.

36. In response to Paragraph "36" of the Plaintiff's Complaint, Defendants admit the continuous use of "The Williamsburg Hotel" name and Trademark/Service Mark. As to the remaining allegations in Paragraph "36," Defendants deny each and every remaining allegation and characterization contained therein and reserve all questions of law, fact, contract interpretation and conclusions raised therein to the appropriate Court or Courts.

37. In response to Paragraph "37" of the Plaintiff's Complaint, Defendants admit that the Trademark/Service Mark "The Williamsburg Hotel" constitutes a valuable asset. Defendants deny the remaining allegations and characterizations contained in Paragraph "37" of the Plaintiff's Complaint and reserve all questions of law, fact, contract interpretation and conclusions raised therein to the appropriate Court or Courts.

38. In response to Paragraph "38" of the Plaintiff's Complaint, Defendants admit since in or around 2016, the Hotel has been advertised and promoted under the slogan "Sleep With A Local." Defendants deny the remaining allegations and characterizations in Paragraph "38" of the Plaintiff's Complaint and reserve all questions of law, fact, contract interpretation and conclusions raised therein to the appropriate Court or Courts.

39. In response to Paragraph "39" of the Plaintiff's Complaint, Defendants admit that other intellectual property to which the Complaint refers to as "electronic and other digital assets and information related to the Hotel's operations, online presence and related marketing, such as the Hotel's Domain Name and social media platforms" constitute property. Defendants deny the remaining allegations and characterizations in Paragraph "39," of the Plaintiff's Complaint and reserve all questions of law, fact, contract interpretation and conclusions raised therein to the appropriate Court or Courts.

**B.  Defendants' Alleged Inconsistent Positions Regarding the IP Assets**

40. In response to Paragraph "40" of the Plaintiff's Complaint, Defendants admit that Defendants take the position, both in and out of the Chapter 11 Case that "The Williamsburg Hotel" and "Sleep With A Local" Trademarks/Service Marks are owned by Moskovits, and as to the remaining allegations in Paragraph "40," Defendants deny each and every allegation contained therein and Defendants deny Plaintiff's characterizations and conclusions of fact and law

Page **9** of **17**

contained therein and reserve all questions of law, fact, contract interpretation and conclusions raised therein to the appropriate Court or Courts.

41. In response to Paragraph "41" of the Plaintiff's Complaint, Defendants admit that in 2018 Moskovits initiated the process of protecting the Trademark and met with counsel to discuss filing a federal trademark application in her individual name seeking to register "The Williamsburg Hotel" Trademark/Service Mark, which resulted in the issuance of a federal registration in her name on the Supplemental Register of the United States Patent and Trademark Office ("USPTO") for "The Williamsburg Hotel" Trademark (Reg. No. 6285046) on March 2, 2021. As to the remaining allegations in Paragraph "41," Defendants deny each and every allegation contained therein and Defendants deny Plaintiff's characterizations and conclusions of fact and law contained therein and reserve all questions of law, fact, contract interpretation and conclusions raised therein to the appropriate Court or Courts.

42. In response to the allegations of Paragraph "42" of the Plaintiff's Complaint, Defendants admit that in 2018 Moskovits initiated the process of protecting the Trademark and met with counsel to discuss filing a federal trademark application in her individual name seeking to register the "Sleep With A Local" Trademark/Service Mark and filed the application in April 2019. Defendants deny each and every remaining allegation contained in Paragraph "42" of the Plaintiff's Complaint. As to the remaining allegations in Paragraph "42," Defendants deny each and every allegation contained therein and Defendants deny Plaintiff's characterizations and conclusions of fact and law contained therein and reserve all questions of law, fact, contract interpretation and conclusions raised therein to the appropriate Court or Courts

43. In response to the allegations of Paragraph "43" of the Plaintiff's Complaint, Defendants admit Benefit Street issued several letters to Debtor alleging Debtor was in default,

but Defendants deny knowledge or information as to the exact dates of the events referred to in Paragraph "43" of the Complaint, and as to the remaining allegations in Paragraph "43" of the Complaint Defendants deny each and every allegation contained therein and Defendants deny Plaintiff's allegations, characterizations and conclusions of fact and law contained therein and reserve all questions of law, fact, contract interpretation and conclusions raised therein to the appropriate Court or Courts.

44. In response to Paragraph "44" of the Plaintiff's Complaint, Defendants admit that a registration for "Sleep With A Local" Trademark/Service Mark (Reg. No. 5890332) which is listed on the Principal Register of the USPTO, was issued to Moskovits on October 22, 2019.

45. In response to Paragraph "45" of the Plaintiff's Complaint, Defendants deny each and every allegation contained therein and reserve all questions of law, fact, contract interpretation and conclusions raised therein to the appropriate Court or Courts.

46. In response to Paragraph "46" of the Plaintiff's Complaint, Defendants admit that Moskovits did not individually offer Hotel Services, and as to the remaining allegations in Paragraph "46," Defendants deny each and every allegation contained therein and reserve all questions of law, fact, contract interpretation and conclusions raised therein to the appropriate Court or Courts.

47. In response to Paragraph "47" of the Plaintiff's Complaint, Defendants deny each and every allegation and Defendants deny Plaintiff's characterizations and conclusions of fact and law contained therein and reserve all questions of law, fact, contract interpretation and conclusions raised therein to the appropriate Court or Courts.

48. In response to Paragraph "48" of the Plaintiff's Complaint, Defendants deny each and every allegation and Defendants deny Plaintiff's characterizations and conclusions of fact and

law contained therein and reserve all questions of law, fact, contract interpretation and conclusions raised therein to the appropriate Court or Courts.

49. In response to Paragraph "49" of the Plaintiff's Complaint, Defendants deny each and every allegation and Defendants deny Plaintiff's characterizations and conclusions of fact and law contained therein and reserve all questions of law, fact, contract interpretation and conclusions raised therein to the appropriate Court or Courts.

50. In response to Paragraph "50" of the Plaintiff's Complaint. Defendants state that the allegations in this paragraph refer to filings in the Case as to which no response is required. To the extent a response is required, Defendants deny Plaintiff's allegations, inferences, characterizations and conclusions of fact and law contained therein, refer to the referenced documents for their contents, and reserve all questions of law, fact, contract interpretation and conclusions raised therein to the appropriate Court or Courts.

51. In response to Paragraph "51" of the Plaintiff's Complaint, Defendants deny each and every allegation contained therein, except admit that the trademark filings for "The Williamsburg Hotel" and "Sleep With A Local" Trademarks/Service Marks were made in the individual name of Moskovits.

52. In response to Paragraph "52" of the Plaintiff's Complaint, Defendants admit that they referred to the November 21, 2017 Hotel Management Service Agreement in the Chapter 11 case. As to the remaining allegations in Paragraph "52" Defendants deny the characterizations therein and deny each and every remaining allegation contained therein and reserve all questions of law, fact, contract interpretation and conclusions raised therein to the appropriate Court or Courts.

53. In response to Paragraph "53" of the Plaintiff's Complaint, Defendants deny each

and every allegation contained therein, and Defendants further deny the allegations, inferences, characterizations and conclusions of fact and law contained therein, and reserve all questions of law, fact, contract interpretation and conclusions raised therein to the appropriate Court or Courts.

54. In response to Paragraph "54" of the Plaintiff's Complaint, Defendants state that the allegations in this paragraph state conclusions of law, recitation and misrepresentations of this Court's prior holdings and filed documents as to which no response is required. To the extent a response is required Defendants deny each and every allegation contained therein, and Defendants further deny the allegations, inferences, characterizations and conclusions of fact and law contained therein, and reserve all questions of law, fact, contract interpretation and conclusions raised therein to the appropriate Court or Courts.

55. In response to Paragraph "55" of the Plaintiff's Complaint, Defendants admit that the Manager did not own the Service Marks, and as to the remaining allegations in Paragraph "55," Defendants deny each and every allegation contained therein, and Defendants further deny the inferences, characterizations and conclusions of fact and law contained therein, and reserve all questions of law, fact, contract interpretation and conclusions raised therein to the appropriate Court or Courts.

## COUNT I

### Declaratory Judgment that the IP Assets are Owned by the Debtor

56. In response to the allegations of Paragraph "56" of Plaintiff's Complaint, Defendants repeat, reiterate and reallege each and every response to the allegations set forth in the Paragraphs of the Complaint designated "1" through "55," as if more fully set forth at length herein.

57. In response to the allegations of Paragraph "57" of the Plaintiff's Complaint,

Defendants deny each and every allegation contained therein.

58. In response to the allegations of Paragraph "58" of the Plaintiff's Complaint, Defendants deny each and every allegation contained therein, and Defendants do not consent this Court's jurisdiction to enter a Judgment in this non-core Proceeding.

## COUNT II

### Ordering Moskovits to Surrender U.S. Reg. Nos. 6285046 and 5890332

59. In response to the allegations of Paragraph "59" of Plaintiff's Complaint, Defendants repeat, reiterate and reallege each and every response to the allegations set forth in the Paragraphs of the Complaint designated "1" through "58," as if more fully set forth at length herein.

60. In response to the allegations of Paragraph "60" of the Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

61. In response to the allegations of Paragraph "61" of the Plaintiff's Complaint, Defendants deny each and every allegation contained therein, and Defendants do not consent this Court's jurisdiction to enter a Judgment in this non-core Proceeding.

## RESERVATION OF RIGHTS

62. In response to the allegations of Paragraph "62" of Plaintiff's Complaint, Defendants repeat, reiterate and reallege each and every response to the allegations set forth in the Paragraphs of the Complaint designated "1" through "61," as if more fully set forth at length herein.

63. In response to the allegations in Paragraph "63" of the Plaintiff's Complaint, Defendants state that the allegations of this Paragraph do not recite or allege any fact or claim and therefore no response is required. To the extent that a response is required, Defendants deny that

Plaintiff is entitled to the requested reservations or relief.

## PRAYER FOR RELIEF

64. The portion of Plaintiff's Complaint beginning on page 13 with the word "WHEREFORE" and continuing through page 14 constitutes Plaintiff's prayer for relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the requested relief or to any relief.

## AS AND FOR A FIRST SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

65. The Complaint fails to state a cause of action.

## AS AND FOR A SECOND SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

66. The applicable Statute of Limitations expired with respect to some or all of Plaintiff's claims prior to the commencement of the within action and, as a result, the action is now time-barred.

## AS AND FOR A THIRD SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

67. Defendant Moskovits is the true and rightful owner of the Trademarks/Service Marks "The Williamsburg Hotel" and "Sleep With A Local."

## AS AND FOR A FOURTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

68. The Debtor does not own the Trademarks/Service Marks.

**AS AND FOR A FIFTH SEPARATE AND DISTINCT**
**AFFIRMATIVE DEFENSE**

69. The Debtor has no rights in and to the Trademarks/Service Marks "The Williamsburg Hotel" and "Sleep With A Local."

**AS AND FOR A SIXTH SEPARATE AND DISTINCT**
**AFFIRMATIVE DEFENSE**

70. The Trademarks/Service Marks were licensed to the Manager

**AS AND FOR A SEVENTH SEPARATE AND DISTINCT**
**AFFIRMATIVE DEFENSE**

71. Any good will that resulted from using the marks inures to the benefit of defendant Moskovits.

**AS AND FOR A EIGHTH SEPARATE AND DISTINCT**
**AFFIRMATIVE DEFENSE**

72. The parties and all persons are bound by the Trademark Certificate and Registration issued by the US Patent and Trademark Office.

**AS AND FOR A NINTH SEPARATE AND DISTINCT**
**AFFIRMATIVE DEFENSE**

73. The Debtor has unclean hands.

**AS AND FOR A TENTH SEPARATE AND DISTINCT**
**AFFIRMATIVE DEFENSE**

74. The Debtor's claims are barred by laches.

**AS AND FOR A ELEVENTH SEPARATE AND DISTINCT**
**AFFIRMATIVE DEFENSE**

75. The Debtor offers and can provide no assurance of maintaining quality control or using the Trademark/Service Marks in accordance with the terms of any license.

WHEREFORE, Defendants seek dismissal of Plaintiff's Complaint, together with the costs and disbursements of this action.

Dated: New York, New York
December 23, 2022

                                                  FERN FLOMENHAFT PLLC
                                                 Attorneys for Defendants

By:__
_____
FERN FLOMENHAFT
26 Broadway, 26th Floor
New York, New York 10004
(212) 796-7601
(917) 374-0192
fflomenhaft@fflomlaw.com