COWAN, LIEBOWITZ & LATMAN, P.C.
114 West 47th Street
New York, New York 10036
(212) 790-9200
Richard S. Mandel

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza
New York, New York 10119
(212) 594-5000
Albert Togut
Frank A. Oswald
Neil Berger

*Attorneys for Stephen S. Gray, Not Individually But Solely In His Capacity as a Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| 96 WYTHE ACQUISITION, LLC | : | Case No. 21-22108 (SHL) |
| | : | |
| Debtor. | : | |

---------------------------------------------------------x

| | | |
|---|---|---|
| STEPHEN S. GRAY, Not Individually But | : | |
| Solely In His Capacity as Chapter 11 Trustee | : | |
| of the Estate of 96 Wythe Acquisition, LLC, | : | Adv. Pro. No. 22-07048 (SHL) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| THE WILLIAMSBURG HOTEL BK, LLC, TOBY | : | |
| MOSKOVITS, MICHAEL LICHTENSTEIN | : | |
| and HERITAGE EQUITY PARTNERS, | : | |
| | : | |
| Defendants. | : | |

---------------------------------------------------------x

32804/001/4232715.1

## DECLARATION OF RICHARD S. MANDEL, ESQ.
## IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Richard S. Mandel, pursuant to section 1746 of title 28 of the United States Code, hereby declares as follows:

1.  I am an attorney admitted to practice before this Court and am a shareholder of Cowan, Liebowitz & Latman, P.C., special intellectual property counsel for the chapter 11 trustee ("Trustee") of the estate of 96 Wythe Acquisition LLC (the "Debtor") in the above-captioned Chapter 11 case (the "Chapter 11 Case"). I submit this declaration in support of the Trustee's motion for summary judgment in this adversary proceeding. The facts stated herein are based on my personal knowledge or review of the documents attached hereto as exhibits, and if called upon to testify, I could testify competently to the facts set forth in this Declaration.

2.  Attached hereto as Exhibit A is a true and correct copy of the *Local Bankruptcy Rule 1007-2 Declaration* [Dkt No. 8] filed by Debtor on March 1, 2021 in support of its voluntary petition in the Chapter 11 Case.

3.  Attached hereto as Exhibit B is a true and correct copy of the *Schedule of Assets and Liabilities and Statement of Financial Affairs* [Dkt. No. 31] filed by the Debtor on May 5, 2021, and the *Amended Schedules of Assets and Liabilities* [Dkt. Nos. 205 & 411] filed by the Debtor on December 2, 2021 and May 25, 2022 respectively.

4.  Attached hereto as Exhibit C are true and correct copies of relevant excerpts from the transcripts for the May 17, 2022 and May 25, 2022 evidentiary

hearings conducted on the motions by Benefit Street Partners Realty Operating Partnership, L.P. ("Benefit Street") and the United States Trustee for appointment of a Chapter 11 trustee (together, the "Trustee Appointment Motions", along with portions of the May 26, 2022 post-hearing oral argument transcript containing the Court's ruling on the Trustee Appointment Motions.

5. Attached hereto as Exhibit D is a true and correct copy of the Loan Agreement by and between Benefit Street and the Debtor dated December 13, 2017 (Dkt. No. 273-1) (the "Loan Agreement").

6. Attached hereto as Exhibit E is a true and correct copy of the Consolidated Mortgage by and between Benefit Street and the Debtor dated as of December 13, 2017.

7. Attached hereto as Exhibit F is a true and correct copy of the complaint from Adversary Proceeding 22-07002 filed by Defendants on behalf of the Debtor against Benefit Street.

8. Attached hereto as Exhibit G is a true and correct copy of an April 9, 2020 order of the Supreme Court of the State of New York, New York County denying Benefit Street's motion for summary judgment in the foreclosure action It filed against the Debtor in June 2019 (the "Denial Order").

9. Attached hereto as Exhibit H is a true and correct copy of a February 16, 2021 order issued by the Appellate Division, First Department partially reversing the

3

Denial Order and granting summary judgment in full in favor of Benefit Street.

10. Attached hereto as Exhibit I is a true and correct copy of the *Disclosure Statement Relating to the Chapter 11 Plan of Liquidation for the Bankruptcy Estate of 96 Wythe Acquisition, LLC, as Proposed by the Chapter 11 Trustee* [Dkt. No. 816] filed by the Trustee on December 2, 2022.

11. Attached hereto as Exhibit J is a true and correct copy of a photo of the Williamsburg Hotel located at 96 Wythe Avenue, Brooklyn, New York (the "Hotel") produced to the Trustee by Defendants in response to Rule 2004 subpoenas served by the Trustee in the Chapter 11 Case.

12. Attached hereto as Exhibit K is a true and correct copy of a document produced by Defendants (BKTM0000021) in response to Rule 2004 subpoenas served by the Trustee in the Chapter 11 Case. The document was used as a specimen of use in support of Moskovits' application to register the service mark "Sleep With A Local" and shows the use of that mark to advertise the hotel services offered at the Hotel.

13. Attached hereto as Exhibit L are true and correct copies of printouts from the Hotel's website located at www.thewilliamsburghotel.com and the Hotel's social media pages on Facebook, Instagram, Tik Tok and Twitter, which the Debtor uses to advertise and promote the Hotel and the Debtor's services rendered at the Hotel. The exhibit includes, in part, documents produced by Defendants in response to Rule 2004 subpoenas served by the Trustee in the Chapter 11 Case, BKTM024292, 024508, 024510-

4

024516.

14.     Attached hereto as Exhibit M is a true and correct copy of a trademark application filed in the United States Patent & Trademark Office ("USPTO") by Moskovits in August 2019 in her individual name seeking to register "The Williamsburg Hotel" service mark (produced by Defendants in response to Rule 2004 subpoenas served by the Trustee in Chapter 11 case as document BKTM024365-024371).

15.     Attached hereto as Exhibit N is a true and correct copy of the federal registration on the Supplemental Register issued by the USPTO to Moskovits for "The Williamsburg Hotel" service mark (Reg. No. 6285046) on March 2, 2021 (produced by Defendants in response to Rule 2004 subpoenas served by the Trustee in Chapter 11 Case as document BKTM024575).

16.     Attached hereto as Exhibit O is a true and correct copy of a trademark application filed in the USPTO by Moskovits on April 11, 2019 in her individual name seeking to register the "Sleep With A Local" service mark (produced by Defendants in response to Rule 2004 subpoenas served by the Trustee in Chapter 11 Case as document BKTM0000001-0000007).

17.     Attached hereto as Exhibit P is a true and correct copy of the federal registration on the Principal Register issued by the USPTO to Moskovits for the "Sleep With A Local" service mark (Reg. No. 5890332) on October 22, 2019 (produced by Defendants in response to Rule 2004 subpoenas served by the Trustee in Chapter 11

Case as document BKTM024378).

18. Attached hereto as Exhibit Q are true and correct copies of emails exchanged on March 25, 2019 between Moskovits and Caroline Broehm, a trademark attorney with the law firm Springut Law PC retained by Defendant Heritage Equity Partners ("Heritage") (BKTM024252). The document was produced by Defendants in response to Rule 2004 subpoenas served by the Trustee in the Chapter 11 Case.

19. Attached hereto as Exhibit R is a true and correct copy of a retainer agreement between Heritage and the law firm Springut Law PC (BKTM025227-025230). The document was produced by Defendants in response to Rule 2004 subpoenas served by the Trustee in the Chapter 11 Case.

20. Attached hereto as Exhibit S is a true and correct copy of a purported Hotel Management Service Agreement dated November 21, 2017 (the "Purported November Agreement"), which was attached as Exhibit 1 to the *Limited Objection and Reservation of Rights of The Williamsburg Hotel BK LLC, Toby Moskovits and Michael Lichtenstein to Chapter 11 Trustee's Application for an Order Authorizing Rejection of Management Agreements* [Dkt. No. 634-1] in the Chapter 11 Case.

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Dated: New York, New York
       January 5, 2023

_____
RICHARD S. MANDEL