The Law Office of
# FF FERN FLOMENHAFT PLLC

Direct Dial: 917 374-0192

March 3, 2023

VIA EMAIL AND ECF

Honorable Sean H. Lane
United States Bankruptcy Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4140

      Re:   *In re 96 Wythe Acquisition LLC*
                Gray v. Williamsburg Hotel BK LLC *et al*
                Adv. Pro. No. 22-07048 (SHL)

Dear Judge Lane:

      As counsel for the defendants Toby Moskovits, Michael Lichtenstein, The Williamsburg Hotel BK LLC, and Heritage Equity Partners, we write to follow up on a matter the Court raised at oral argument of the Plaintiff's summary judgment motion.

      The Court asked whether case law addresses the issue of whether intent to use the Trademark is relevant to a determination of Trademark ownership.

      We believe the case law, including the following cases, addresses the issue and supports Defendants' position that there is sufficient evidence that Toby Moskovits has used the "The Williamsburg Hotel" and "Sleep With a Local" service marks and intends to continue using them in the future, and that Plaintiffs have not met their burden of establishing abandonment by clear and convincing evidence.

1. *Silverman v. CBS Inc.*, 870 F.2d 40, 47 (2d Cir. 1989). The court stated "[a] proprietor who temporarily suspends use of a mark can rebut the presumption of abandonment by showing reasonable grounds for the suspension and plans to resume use in the reasonably foreseeable future when the conditions requiring suspension abate."

2. *Saratoga Vichy Spring Co. v. Lehman*, 625 F.2d 1037, 1044 (2d Cir. 1980). The court of appeals stated that "though intent is always a subjective matter of inference and thus rarely amenable to summary judgment, the cases that have found no intent to abandon suggest that objective facts can satisfactorily explain non-use to the point where an inference of intent to abandon is unwarranted."

3. *Defiance Button Mach. Co. v. C & C Metal Prod. Corp.*, 759 F.2d 1053, 1060 (2d Cir. 1985). The court stated that the "rule recognizes that goodwill does not ordinarily disappear or completely lose its value overnight. Erosion from non-use is a gradual process. As long as the mark has significant remaining value and the owner intends to use it in connection with substantially the same business or service, the public is not deceived.

The policies and practices of prior abandonment cases are consistent with the preservation of the mark in this situation, so long as (a) the goodwill of the concern has not wholly dissipated, (b) the owner or its assignee retains the intent to produce or market within a reasonable time a product or service substantially the same in nature and quality as that with which the trademark has been associated, and (c) such resumption of operations occurs within a reasonable time under the circumstances."

See also *Faram 1957 S.p.A. v. Faram Holding & Furniture, Inc.*, No. 16-CV-2430 (VSB), 2018 U.S. Dist. LEXIS 44594, at *40 (S.D.N.Y. Mar. 19, 2018) (based on patent holder's declaration that he intended to file for trademark protection, the Court found that there is sufficient evidence that Plaintiff has used the Trademarks and intends to use them in the future and thus Defendants did not meet their burden of establishing abandonment); *Pado, Inc. v. SG Trademark Holding Co. LLC*, 527 F. Supp.3d 332, 345 (E.D.N.Y. 2021) (based on Defendants' evidence that they intended to resume use of the mark, including deposition testimony that they planned to continue selling the device and develop a new product under the mark, a reasonable factfinder could infer from those efforts that they still intended to use the brand).

Similarly, Toby Moskovits stated in her Declaration that, in addition to using and promoting the service marks since 2014 (Mosk. Decl.[1] ¶¶ 5-12, 16, 20), and registering them in her name on the Primary and Supplemental Registers (¶¶ 22, 23), she intends to continue to use the Marks commercially, has taken significant steps to that end and intends to continue to do so in the future. (¶¶ 13, 24, 26, 27) (See also Exhibit 5[2]).

Thank you.

Respectfully submitted,

Fern Flomenhaft

cc:
Richard S. Mandel, Esq. (via email)
Frank A. Oswald, Esq (via email)

---

[1] Docket No. 23, pp. 1-10
[2] Docket No. 23, pp. 73-182 of the PDF.