COWAN, LIEBOWITZ & LATMAN, P.C.
114 West 47th Street
New York, New York 10036
(212) 790-9200
Richard S. Mandel
Joel K. Schmidt
Jeremy A. Berman

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut
Frank A. Oswald
Neil Berger

*Attorneys for Stephen S. Gray,*
*Not Individually But Solely in His Capacity*
*as Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
                                                              :
In re:                                                        :   Chapter 11
                                                              :
96 WYTHE ACQUISITION LLC,                                     :   Case No. 21-22108 (SHL)
                                                              :
                    Debtor.                                   :
                                                              :
------------------------------------------------------------- x
                                                              :
STEPHEN S. GRAY, Not Individually But                         :
Solely In His Capacity as Chapter 11 Trustee                  :
Of the Estate of 96 Wythe Acquisition LLC                     :   Adv. Pro. No. 22-07048 (SHL)
                                                              :
                    Plaintiff,                                :
                                                              :
           v.                                                 :
                                                              :
THE WILLIAMSBURG HOTEL BK, LLC, TOBY                          :
MOSKOVITS, MICHAEL LICHTENSTEIN, AND                          :
HERITAGE EQUITY PARTNERS,                                     :
                                                              :
                    Defendants.                               :
------------------------------------------------------------- x

**STIPULATION AND ORDER ESTABLISHING STANDSTILL PERIOD**
**REGARDING INTELLECTUAL PROPERTY DISPUTE**

**WHEREAS**, on August 18, 2022, the Court entered the *Order Regarding Hotel Operating Assets and Intellectual Property* (the "IP Order") [Docket No. 657]; and

**WHEREAS**, November 29, 2022, Stephen S. Gray, not individually but solely in his capacity as the Chapter 11 trustee (the "Trustee") of 96 Wythe Acquisition LLC (the "Debtor"), filed the *Complaint* (the "Complaint") [Adversary Proceeding Docket No. 1] and commenced the above-captioned adversary proceeding (the "Adversary Proceeding") against The Williamsburg Hotel BK LLC (the "Manager"), Heritage Equity Partners ("Heritage"), Toby Moskovits ("Moskovits"), and Michael Lichtenstein ("Lichtenstein" and together with the Manager, Heritage, and Moskovits, the "Defendants") for a judgment: (i) declaring that the Debtor owns "The Williamsburg Hotel" name and service mark, the "Sleep With A Local" service mark and all other intellectual property utilized in the operation of The Williamsburg Hotel (the "Hotel"), including, without limitation, electronic and other digital assets and information related to the Hotel's operation, online presence and related marketing, such as the Hotel's website domain name and social media platforms (collectively, the "IP Assets"); and (ii) ordering Moskovits to voluntarily surrender for cancellation U.S. Reg. No. 6285046 for "The Williamsburg Hotel" service mark and U.S. Reg. No. 5890332 for the "Sleep With A Local" service mark; and

**WHEREAS**, on December 23, 2022, Defendants filed the *Answer* to the Complaint [Adversary Proceeding Docket No. 9]; and

**WHEREAS**, on January 5, 2023, the Trustee filed the *Plaintiff's Motion for Summary Judgment* (the "Trustee's Motion for Summary Judgment") [Adversary Proceeding Docket No. 10]; and

2

**WHEREAS**, on January 26, the Court entered the *Order (A) Approving the Sale Free and Clear of All Liens, Claims, Interests, and Encumbrances; (B) Authorizing the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (C) Granting Related Relief* [Docket No. 881] approving the sale of the The Williamsburg Hotel and certain related assets to Quadrum Development Corp. ("Quadrum"); and

**WHEREAS**, on January 19, 2023, Defendants filed the *Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment* (the "Opposition") [Adversary Proceeding Docket No. 20]; and

**WHEREAS**, on January 19, 2023, Defendants also filed a cross-motion seeking withdrawal of the reference and *Defendants' Memorandum of Law in Support of Cross-Motion for Withdrawal of the Reference* [Adversary Proceeding Docket No. 16] (the "Cross Motion"); and

**WHEREAS**, on January 25, 2023, the Trustee filed the *Chapter 11 Trustee's Objection to the Defendants' Motion to Withdraw the Bankruptcy Court Reference* (23-cv-00498 [KMK]); and

**WHEREAS**, the Cross Motion is pending in District Court for the Southern District, under USDC Case No. 23-cv-00498 (KMK) (AEK)] (the "District Court Proceeding").

**WHEREAS**, on January 25, 2023, the Trustee filed the *Plaintiff's Reply Memorandum of Law in Further Support of Motion for Summary Judgment* (the "Reply") [Adversary Proceeding Docket No. 25]; and

**WHEREAS**, on March 1, 2023, the Court conducted a hearing and considered the Trustee's Motion for Summary Judgment, the Opposition, and the Reply.

3

**NOW, THEREFORE**, it is hereby stipulated and agreed by and among the Trustee, by and through his undersigned counsel, and the Defendants, by and through their undersigned counsel, that:

1. The Defendants shall not assert any claims based on the use of the IP Assets solely in connection with the operation of the Hotel at 96 Wythe Avenue, Brooklyn, NY and for no other properties against the Trustee, the Debtor's estate, or Quadrum or any of its affiliates, subsidiaries, designees, successors, or assigns, or any of their respective current and former shareholders, principals, employees, agents, officers, directors, managers, trustees, partners, members, or representatives ("Quadrum Parties") or any entity or individual acting on behalf of any of the Quadrum Parties in connection with the operation of the Hotel, pending a final disposition of the Adversary Proceeding and the District Court Proceeding on the merits, including any appeals, plus an additional six-month transition period following such final disposition (collectively, the "Standstill Period").

2. The Defendants waive any claims for monetary relief against the Trustee, the Debtor's estate, or the Quadrum Parties based on the use of any of the IP Assets prior to the expiration of the Standstill Period.

3. This stipulation and order (the "Stipulation and Order") shall survive any disposition or ruling in the bankruptcy proceedings, and supersedes any other order as it relates to the IP Assets, unless such order expressly states it modifies or supersedes this Stipulation and Order. Nothing in any confirmed chapter 11 plan shall supersede this Stipulation and Order.

4. The IP Order shall: (i) continue in full force and effect until expressly modified by further order of the Court, (ii) survive any disposition or ruling in the bankruptcy

proceedings, and (iii) supersede any other order as it relates to the IP, unless expressly stated to modify or supersede this IP Order.

      5.      The Trustee and Defendants agree that the Quadrum Parties are third-party beneficiaries of this Stipulation and Order, and are entitled to the rights and benefits hereunder and bound by any limitations hereunder and may enforce the provisions hereof as If they were parties hereto.

      6.      This Stipulation and Order may be executed in multiple counterparts, each of which shall be deemed an original, and evidence of this Stipulation and Order may be exchanged by fax or by electronic transmission of a scanned copy of the signature pages or by exchange of originally signed documents, each of which shall be as fully binding on the parties as a signed original.

      7.      This Stipulation and Order may not be modified, amended, altered, changed or waived, except in a writing signed by the Trustee and the Defendants and agreed to by Quadrum.

      8.      Any and all of the respective rights, claims, and defenses of the Trustee on the one hand and the Defendants on the other, in the Adversary Proceeding and the District Court Proceeding, are hereby reserved.

      9.      Nothing in this Stipulation and Order shall be construed as a waiver by the Defendants of any claims to ownership of the IP Assets or to grant the Trustee or Quadrum Parties any right to ownership of the IP by virtue of their use of the IP Assets pursuant to this Stipulation and Order.

10. Each of the parties to this Stipulation and Order represents and warrants it is duly authorized to enter into and be bound by this Stipulation and Order, and that it has full knowledge of and has consented to this Stipulation and Order.

11. This Stipulation and Order is subject to approval of the Court and shall be of no force and effect unless and until such approval is obtained. The Bankruptcy Court will retain jurisdiction of any and all issues arising in connection with or under this Stipulation and Order, including, without limitation, after a disposition of the Estate from the Bankruptcy Court.

DATED:    March 28, 2023
          New York, New York

| | |
|---|---|
| STEPHEN S. GRAY, not individually but solely in his capacity as Chapter 11 Trustee, By his Attorneys, TOGUT, SEGAL & SEGAL LLP By: | THE WILLIAMSBURG HOTEL BK, LLC, TOBY MOSKOVITS, MICHAEL LICHTENSTEIN, AND HERITAGE EQUITY PARTNERS By its Attorneys FERN FLOMENHAFT PLLC By: |
| */s/ Neil Berger* <br> NEIL BERGER <br> A Member of the Firm <br> One Penn Plaza, Suite 3335 <br> New York, New York 10119 <br> (212) 594-5000 | */s/ Fern Flomenhaft* <br> FERN FLOMENHAFT <br> 26 Broadway, 26th Floor <br> New York, New York 10004 <br> (212) 796-7601 |

**IT IS SO ORDERED**
on this 30th day of March, 2023
White Plains, New York

*/s/ Sean H. Lane*
HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

6